IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIO L. LUTHER and )
MARIO LUTHER, INC., )
                                                        )
    Plaintiffs, )
                                                        ) Civil Action No. 08-386
vs. )
                                                        )
KIA MOTORS AMERICA, INC., )
    Defendant. )

**MEMORANDUM ORDER**

I. Background

On June 4, 2009, Defendant Kia Motors America, Inc. ("Kia"), filed a motion to quash the deposition notices of Kia and its employees Michael Tocci and Melanie Dougherty, arguing that Plaintiffs Mario L. Luther and Mario Luther, Inc. (collectively, "Plaintiffs" or "Luther"), had noticed the depositions for an improper location, i.e., their counsel's office in Indiana, Pennsylvania. (Motion to Quash Deposition Notices, Doc. No. 50.) Kia argues there is no reason to disregard the general rule that depositions of a corporation and its employees should take place at the corporation's place of business, in this case, the Kia regional office in East Brunswick, New Jersey, some 330 miles from Indiana. Defendant further argues that because Ms. Dougherty is not an officer, director, or managing agent of the company, she is subject to the travel limitations of Federal Rule of Civil Procedure 45 and must be subpoenaed. Since no subpoena has been issued, Plaintiffs' attorney must depose her in New Jersey. And since counsel will have to travel to East Brunswick for Ms. Dougherty's deposition, it

would be more efficient and cost effective for Mr. Tocci's deposition to take place there as well.

Plaintiffs oppose the motion to quash, arguing that Ms. Dougherty is a managing agent and therefore need not be subpoenaed pursuant to Rule 45. Moreover, any objection to her deposition without subpoena was waived by Kia's attorney in an e-mail message on April 13, 2009. Finally, since Defendant has shown no financial hardship or disruption to its business if Ms. Dougherty and Mr. Tocci were required to travel from New Jersey to Pennsylvania to attend the depositions, this Court should exercise the considerable discretion it has in this matter to allow the depositions to take place at the location designated by Plaintiffs. (Memorandum of Law in Support of Response to Motion [to] Quash Deposition Notices, Doc. No. 60, "Plfs.' Memo.")

II. Standard of Review

As a general rule, the party seeking discovery determines where the deposition will take place. Under Federal Rule of Civil Procedure 26(c),[1] however, a court may, in its discretion and "for good cause shown," enter a protective order on this subject. Phila. Indem. Ins. Co. v. Fed. Ins. Co., CA No. 02-7247, 2003 U.S. Dist. LEXIS 7614, *6 (E.D. Pa. April 30, 2003). This authority may

---

[1] In relevant part, this Rule provides that: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery. . . ." Fed. R. Civ. P. 26(c)(1).

2

be exercised "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking protection has the burden of establishing good cause for it, and explain why, if the protective order is not entered, it will suffer "clearly defined, specific and serious injury." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005). In issuing the order, the district court must balance the interests of the parties and explain the reasoning behind its conclusion. Id.

III. Analysis

A. Ms. Dougherty and the Question of Subpoena

We turn first to the question of whether a subpoena must be issued to compel Ms. Dougherty's attendance at a deposition. Under Fed. R. Civ. P. 30(b)(6),[2] where a party is a corporation or other business entity, the opposing party is authorized to depose the persons who are most knowledgeable about "matters known or reasonably available to the organization." If the person identified by the corporation to testify on its behalf is an

---

[2] "Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

3

officer, director or managing agent, the deposing party is not required to issue a subpoena to compel his or her attendance. All other employees must be compelled by subpoena. *See* Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., CA No. 90-2531, 1991 U.S. Dist. LEXIS 1305, *19 (E.D. Pa. Feb. 6, 1991), *citing* Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, §§ 2107, 2112, and Fed. R. Civ. P. 45(a)(2)(B). If under subpoena, the corporate representative may be required to attend "at any place within 100 miles from the place where that person resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of court." Trans Pacific Ins. Co., id., *quoting* Fed. R. Civ. P. 45(d)(2).

Kia argues that Ms. Dougherty is not an officer, director or managing agent of the corporation and provides her job description in support of this contention. (Memorandum in Support of Motion to Quash Deposition Notices, Doc. No. 51, "Def.'s Memo," at 3, and Exh. A to Doc. No. 50.) Plaintiffs, relying on precisely the same job description, contend she is a managing agent because she (1) has discretion in corporate matters, (2) has "key responsibilities" in areas relevant to the issues in this case, and (3) exercises a "moderate to high level of independent judgment and decision-making" on behalf of the corporation. (Plfs.' Memo at 2-3.)

Based on the evidence provided to the Court, Ms. Dougherty is clearly not a Kia officer or director. Although the rules of civil procedure do not define the phrase "managing agent," courts have

4

generally agreed that such a person is one who:

1. Acts with superior authority and is invested with general powers to exercise his judgment and discretion in dealing with his principal's affairs (as distinguished from a common employee, who does only what he is told to do; has no discretion about what he can or cannot do; and is responsible to an immediate superior who has control over his acts);

2. Can be depended upon to carry out his principal's directions to give testimony at the demand of a party engaged in litigation with his principals; and

3. Can be expected to identify himself with the interests of his principal rather than those of the other party.

In re Air Crash at Lexington, CA No. 06-316, 2008 U.S. Dist. LEXIS 58484, *25 (E.D. Ky. July 30, 2008), *quoting* Brandon v. Art Centre Hospital (Osteopathic), 366 F.2d 369, 372 (6th Cir. 1966).

The key element in determining whether an individual is a managing agent is whether he or she is

invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent. . ., who acts in an inferior capacity and under the direction and control of a superior authority, both in regard to the extent of his duty and the manner of executing it.

Fujun Jiao v. First Int'l Travel, Inc., CA No. 03-0165, 2004 U.S. Dist. LEXIS 14920, *11-*12 (S.D. N.Y. Aug. 4, 2004), *citing* Grammenos v. Lemos, 457 F.2d 1067, 1073 (2d Cir. 1972).

According to Ms. Dougherty's job description, her primary responsibility as Dealer Market Manager for the Kia Eastern Regional Sales Department is to "maintain timely processing and follow-up on all dealer packages including open points and buy/sells." She reports to the Regional Market Representation

5

Manager and supervises only one person. Her key responsibilities pertain to the Kia sign program (which we agree is an issue in this matter), and she is one of several employees involved in "dealer candidate prospecting." Although her position requires a "moderate to high level of independent judgment and decision-making," she "follows established program guidelines and established Dealer Development policies and procedures" with assistance on "critical issues" from her supervisor.

Without knowing more about Ms. Dougherty's place in the entire Kia management hierarchy, it is impossible to determine if hers is a position of "superior authority. . .invested with general powers to exercise. . .judgment and discretion in dealing with" Kia's affairs. The Court's inclination would be to find it is not, given that her scope of responsibility is relatively small for an international corporation and her decision-making is limited by established corporate guidelines, policies and procedures. Therefore, under normal circumstances, we would agree with Defendant that her deposition would require Plaintiffs to issue a subpoena. However, we also must consider the fact that Defendant's counsel agreed to make Ms. Dougherty available for deposition "in Mt. Laurel, New Jersey," without reference to a subpoena. (Plfs.' Memo, Exh. C.) But contrary to Plaintiff's argument, the text of the e-mail suggests that the waiver was offered only for the New Jersey location, not generally.

We are not persuaded that Ms. Dougherty is a managing agent of

Kia and, therefore, if she were to be deposed in Indiana, Plaintiffs must issue a subpoena compelling her attendance.

B. Deposition Location

As for the question of where the depositions of Mr. Tocci and Ms. Dougherty should take place, Defendant argues that Pennsylvania courts follow the general rule that depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business.[3] (Def.'s Memo at 1-2, *citing* Triple Crown Am. v. Biosynth AG, CA No. 96-7476, 1998 U.S. Dist. LEXIS 6117, * 8 (E.D. Pa. Apr. 30, 1998); and Twardzik v. Sepauley, 268 F.3d 346, 350 (E.D. Pa. 1968); *see also* Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979), and Thomas v. IBM, 48 F.3d 478, 483 (10th Cir. 1995).) If a location other than the corporate place of business is proposed by the party seeking the deposition, and the corporation files a timely objection, a protective order should be granted unless there are unusual circumstances which would justify allowing the deposition to proceed at the place suggested by the deposing party. Grey v. Continental Marketing Assocs., 315 F.Supp. 826, 832 (N.D. Ga. 1970); *see also* Generale Bank Nederland N.V. v. First Sterling Bank, CA No. 97-2273, 1997 U.S. Dist. LEXIS 20040, *4-*5 (E.D. Pa.

---

[3] We recognize that Kia's corporate headquarters in the United States is located in Irvine, California. (Amended Complaint, Docket No. 34, ¶ 3.) However, Defendant is not arguing that the depositions take place in California, but rather in New Jersey where both Ms. Dougherty and Mr. Tocci are employed at the corporation's Eastern Regional Sales Department.

7

Dec. 17, 1997), citing cases.

A district court has great discretion in designating where a deposition is to take place and each case must be considered on its own facts and equities. <u>Socodis-Bocchi Trading, Inc. v. M/V Humboldt Rex</u>, CA No. 91-1474, 1992 U.S. Dist. LEXIS 9001, *6 (E.D. Pa. June 16, 1992) (internal citations omitted.) In determining the location, a court may consider:

1. The parties' convenience and relative hardships to attend the designated location;

2. Cost of transportation and lost work. . . ;

3. Expense and inconvenience to move voluminous documents;

4. Whether the parties' counsel are located in the forum district;

5. Whether the [party being deposed] is a large corporation whose employees often travel;

6. Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns; and

7. Whether the parties' claims and relationship are such that appropriate adjustment of the equities favors a deposition site in the forum district.

<u>Willis v. Mullins</u>, CA No. 04-6542, 2006 U.S. Dist. LEXIS 18794, *6-*7 (E.D. Cal. Apr. 4, 2006) (internal citations omitted).

In a case with facts almost identical to those herein, the defendant corporation sought to have depositions of three employees conducted in California rather than in Pennsylvania as the plaintiff had requested. See <u>Phila. Indem. Ins. Co.</u>, *supra*. Two

8

of those employees were admittedly corporate officers who could be deposed without subpoena. Although Philadelphia Indemnity argued that the third was a managing agent, the court concluded, based on her "functions, responsibilities and authority . . . respecting the subject matters of the litigation" that she had no authority to act and make decisions on Federal's behalf and therefore could not be compelled to travel to Philadelphia for her deposition. Id., 2003 U.S. Dist. LEXIS 7614, *3-*5. As in this case, however, her employer agreed that she could be deposed without a subpoena, but objected to having the three depositions held in Philadelphia.

Based on the fact that corporate records which might be pertinent to the case were located in California and the fact that Federal's operations would be disrupted by the absence of the three employees, the court granted the defendant's motion and ordered that the depositions take place in California. Phila. Indem. Ins. Co., 2003 U.S. Dist. LEXIS 7614, *7-*8. A third reason on which the court relied in arriving at that decision, however, is not found herein, that is, the court also concluded the plaintiff was "a large corporation capable of bearing the financial burden of traveling to California." Id., 2003 U.S. Dist. LEXIS 7614, *7.

Here, while Plaintiffs are a corporation and an individual, it would appear that Kia, a large multi-national corporation, would be better able to bear the financial cost of traveling from New Jersey to Pennsylvania. Although Plaintiffs argue that Defendant's counsel is already located in Pittsburgh, a relatively short

9

distance from Indiana, and thus appearing in Indiana would not be a hardship, we note that lead counsel for Kia is located in Richmond, Virginia, and thus, it could well be that Defendant's counsel would have to make a trip of greater distance and time to attend depositions in Indiana than Plaintiffs' counsel would make to East Brunswick. There is also the added factor that holding the depositions in Indiana would require at least three people to travel (two deponents and their attorney) as opposed to only one (Plaintiffs' counsel) if the depositions were held in East Brunswick. Finally, while we are not persuaded that the absence of Mr. Tocci and Ms. Dougherty for a day or two while they attended depositions in western Pennsylvania would cause major disruptions to the activities of the Kia Eastern Regional Sales Department, we find, like the Philadelphia Indemnity Insurance court, that the equities, considered in total, lead to the conclusion that the depositions should be taken at Kia's place of business in New Jersey as is customary for corporate defendants. This decision also eliminates the need for Plaintiffs to issue a subpoena for Ms. Dougherty since, as discussed above, Kia waived that requirement with the understanding that her deposition would take place in Mt. Laurel, New Jersey. We presume Defendant would continue to waive the subpoena requirement if the deposition were held in East Brunswick.

IV. Order

AND NOW, this ___18th___ day of June, 2009, it is hereby

10

ORDERED as follows:

1. Defendant's motion to quash (Doc. No. 50) is GRANTED on the condition that Kia honor its April 13, 2009, offer to waive the subpoena requirement for Ms. Dougherty; and

2. The depositions of Michael Tocci and Melanie Dougherty shall take place at Defendant's place of business in East Brunswick, Jersey, at a mutually agreeable date and time not less than twenty (20) days following the entry of this Order.

*William L. Standish*
William L. Standish
United States District Judge